IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 FEB 22 P 1:41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DANYELL A. JOHNSON ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO. 1:06CV161-F |
| vs. ) | |
| ) | |
| HOUSING AUTHORITY OF THE CITY ) | |
| OF EUFAULA; a public corporation; ) | |
| TOM WACHS in his official capacity as ) | |
| Executive Director of the Housing Authority of ) | |
| the City of Eufaula, a public Corporation; ) | |
| Mary Eva Upshaw, in her official capacity as ) | |
| Section 8 Coordinator of the Housing ) | |
| Authority of the City of Eufaula, a public ) | |
| corporation; and Mary Thomas in her official ) | |
| capacity as housing manager of the Housing ) | |
| Authority of the City of Eufaula, a public ) | |
| Corporation. ) | |
| ) | |
| DEFENDANTS. ) | |

## VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

COMES NOW the Plaintiff, Danyell A. Johnson, and complains against the Defendants for declaratory, injunctive and other relief as follows:

### JURISDICTION

1. Plaintiff, Danyell A. Johnson, is over the age of nineteen years and is a resident of Henry County, Alabama.

2. Defendant City of Eufaula Housing Authority (hereinafter referred to as "EHA") is a public corporation organized and existing pursuant to the laws of the State of Alabama, with its principal place of business in Eufaula, Barbour County, Alabama.

3. Defendant Tom Wachs is the Executive Director of EHA.

JOHNSON vs. EUFAULA HOUSING AUTHORITY, et al.
Verified Complaint
Page 2

    4. Defendant Mary Eva Upshaw (hereinafter referred to as "Upshaw") is the Section 8 Coordinator of EHA.

    5. Defendant, Mary Thomas, is the Housing Manager of EHA.

    6. This is a complaint seeking declaratory, injunctive and other relief for deprivation of rights guaranteed to the Plaintiff by 42 U.S.C. §1437, the Fifth and Fourteenth Amendments to the Constitution, and 42 U.S.C. §1983. The Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §§1331 and 1343 (a)(3), (4).

    7. At all times hereto, Plaintiff was a participant in a Section 8 existing housing program administered by Defendants pursuant to the United States Housing Act, as amended, 42 U.S.C. §1437.

## FACTUAL ALLEGATIONS

    8. Plaintiff and her minor children are participants in the Housing Assistance program pursuant to Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. §1437f (hereinafter referred to as "the Section 8 program"). Under the Section 8 program, subsidies are paid on behalf of low-income families to private lessors. The Section 8 program is administered by local public housing authorities, such as EHA, which enter into Annual Contributing Contracts (hereinafter referred to as "ACCs") with the U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD"). Pursuant to the ACCs, subsidies compensate landlords for the difference between the rent a tenant can afford and the market rental rate. HUD's regulations for the Section 8 Program are in 24 C.F.R. Part 982.

    9. Plaintiff and her three minor children began participating in the Section 8 program in 2004. On or about August 3, 2005, Plaintiff received a lease termination notice from her landlord, Greentree Apartments (hereinafter referred to as "landlord") which purported to terminate her lease for alleged lease violations. See Exhibit "A". Subsequently, the Landlord sent another lease termination notice dated September 20, 2005. See Exhibit"B". The landlord then filed an eviction action in Henry County district court seeking possession of the premises. In addition, the landlord notified EHA about the purported termination of the Plaintiff's lease. The landlord and the Plaintiff reached a settlement in the case and the landlord withdrew the purported termination and continued the Plaintiff's lease.

    10. On or about the September 1, 2005, Defendant EHA stopped making payments to the landlord pursuant to their Housing Assistance Payments (HAP) contract. Plaintiff never received any notice from EHA regarding the termination of her section 8 assistance.

**JOHNSON vs. EUFAULA HOUSING AUTHORITY, et al.**
**Verified Complaint**
**Page 3**

11. Plaintiff contacted EHA, upon being notified by her landlord that EHA was no longer making her rental payments to inquire as to the problem. Plaintiff was told by Upshaw of the EHA to bring in information (food stamp allotment and check stubs/wage information) to process her Section 8 eligibility for renewal. Plaintiff reported to the EHA office and was then told that she had been removed from the Section 8 program due to her prior lease termination and that the EHA would no longer make any payments to her landlord on her behalf.

12. Because of EHA failure to make payments to the landlord, Plaintiff received a lease termination notice on January 20, 2006 for non-payment of rent. Plaintiff now faces eminent eviction because of the actions of EHA. See Exhibit "C".

13. On January 6, 2006(notice actually dated January 6, 2005), EHA sent the landlord a notice stating that it would no longer make payments on behalf of the Plaintiff and that she had been removed from the section 8 program on the basis of the allegations in the previous lease termination notices dated August 3, 2005 and September 20, 2005. EHA also sent the Plaintiff a copy of this notice which she received on or about January 10, 2006. See exhibit "D"

14. As a proximate result of EHA's decision, Plaintiff's Section 8 assistance has been unlawfully terminated without proper notice and without due process of law. If the Plaintiff wishes to remain in possession of her residence she may do so only if she pays fair market rent. Plaintiff is financially unable to pay fair market rent, and she and her children will be unable to remain in possession of these premises if her Section 8 assistance is not restored. Plaintiff's affidavit in support of these allegations is attached hereto as Exhibit "E".

## DEFENDANTS' ALLEGED VIOLATIONS OF
## HUD REGULATIONS AND REQUIREMENTS

15. Notice of a Public Housing Authority (hereinafter referred to as "PHA") decision to terminate assistance must "contain a brief statement of the reasons for the decision." 24 C.F.R. §982.554. The requirement of notice is to inform the tenant of the allegations so she can prepare a defense. It must be sufficiently specific to enable the tenant to prepare and present rebuttal evidence at her hearing. See *Billington v. Underwood*, 613 F.2d 91,94 (5th Cir. 1980).

JOHNSON vs. EUFAULA HOUSING AUTHORITY, et al.
Verified Complaint
Page 4

16. Here, EHA gave no notice of termination to the Plaintiff. By failing to give her notice, EHA violated the Plaintiff's constitutional rights. Pursuant to federal law, violations of federal housing law by state agencies implementing those laws are actionable under Section 1983 by section 8 participants. *Clark v. Alexander*, 85 F. 3d 146 (4th Cir. 1996). The due process clause of the fourteenth amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U. S. Const., Amend. XIV. Fundamentally, due process requires notice and an opportunity to be heard prior to an adverse decision. *Goldberg v. Kelly,* 397. U. S. 254 (1970). In order to provide due process under the fourteenth amendment, the United States Supreme Court requires that a housing authority comply with five requirements prior to terminating housing assistance benefits: (1) Timely notice from the housing authority stating the basis for the proposed termination; (2) an opportunity by the tenant to a hearing to be heard and to confront and cross- examine each witness relied on by the housing authority; (3) the right of the tenant to be represented by counsel; (4) a decision, based solely on the evidence adduced at the hearing, in which the reasons for the decision are set forth; and (5) an impartial decision maker. *Id.* These requirements apply to section 8 terminations. See *Caulder v. Durham Housing Authority,* 433 F. 2d 998 (4th Cir. 1970). Federal housing regulations implementing the Housing Act set forth procedural requirements for termination of housing benefits that are in virtual lockstep with *Goldberg.* See 24 C.F.R. Section 982.555.

17. EHA violated federal housing regulations by failing to provide the tenant with a notice of termination and by failing to afford the tenant an opportunity to be heard regarding EHA's decision to terminate her section 8 assistance.

## PLAINTIFF'S CLAIMS FOR RELIEF

18. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§2201 and 2202; a preliminary injunction under Fed. R. Civ. P. Rule 65; compensatory damages and equitable relief under 42 U.S.C. §1983; costs of court; and such other relief as may be just and proper to redress Defendants' deprivation of Plaintiff's rights under the U.S. Housing Act of 1937, 42 U.S.C. §1437, and her constitutional right to due process secured by the Fifth and Fourteenth Amendments to the U.S. Constitution. Plaintiff seeks a judgment declaring the termination of her Section 8 housing assistance by Defendants to be unlawful and void, and a preliminary injunction directing Defendants not to terminate Plaintiff's Section 8 benefits and eligibility and restoring those benefits retroactive to the date of termination.

**JOHNSON vs. EUFAULA HOUSING AUTHORITY, et al.**
**Verified Complaint**
**Page 5**

19. As a proximate result on the unlawful and unconstitutional acts and omissions of the Defendants, Plaintiff has been wrongfully deprived of her Section 8 housing assistance; she has suffered mental anguish; and she and her children have been or will be rendered homeless. The injuries to Plaintiff resulting from the Defendants' violations of Plaintiff's rights are substantial, immediate, and irreparable. Plaintiff's circumstances shown by her affidavit support her request that the Court hear her application for preliminary injunction at the earliest possible time.

WHEREFORE, Plaintiff prays that the Court will grant Plaintiff the relief herein requested, and Plaintiff prays especially that the Court will set Plaintiff's petition for a preliminary injunction for immediate hearing. In addition the Plaintiff requests that the Court enter a temporary restraining order pending a decision on the preliminary injunction.

Respectfully submitted:

*/s/ Kenneth J. Lay by mjo*
Kenneth J. Lay
LEGAL SERVICES ALABAMA, INC.
Post Office Box 11765
Birmingham, Alabama 35202
(205) 328-3540
Attorneys for Plaintiff

*/s/ Mary Jane Oakley*
Mary Jane Oakley
LEGAL SERVICES ALABAMA, INC.
1415 Honeysuckle Road, Suite 2
Dothan, Alabama 36305
(334) 793-7932
Attorney for Plaintiff

**Verified Complaint**
**Page 6**

# VERIFICATION

I, Danyell A. Johnson, Plaintiff in the above-styled action, swear and affirm that the allegations set forth in this Complaint and Petition for Preliminary Injunction are true and correct.

_____
DANYELL A. JOHNSON

SWORN TO and SUBSCRIBED before me this ___16th___ day of __February__, _____, 2006.

_____
NOTARY PUBLIC

My Commission Expires: __My Commission Expires 5-15-06__